NICHOLAS H.K. JACKSON (Bar No. 15079)
KATHERINE B. BUSHMAN (Bar No. 15561)
KATIE M. COX (Bar No. 17188)
Disability Law Center
205 North 400 West
Salt Lake City, Utah   84103
Phone:(801) 363-1347
Fax:(801) 363-1437
Email: njackson@disabilitylawcenter.org
       kbushman@disabilitylawcenter.org
       kcox@disabilitylawcenter.org

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AUSTYN SORENSEN,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID AND JOAN HATT,<br><br>and<br><br>B&G80, LLC, D/B/A VENTANA STUDENT HOUSING,<br><br>and<br><br>JILL SAVAGE,<br><br>    Defendants. | **COMPLAINT**<br>(Jury Demand)<br><br>Case No. 2:21-cv-00404-DBP<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff AUSTYN

SORENSEN, by and through counsel, the Disability Law Center, alleges and complains against

Defendants DAVID AND JOAN HATT, JILL SAVAGE, and B&G80, LLC, D/B/A VENTANA STUDENT HOUSING, as follows:

## NATURE OF THE ACTION

This is a civil rights action to redress and prevent the violation of Ms. Sorensen's rights under the Fair Housing Amendments Act pursuant to 42 U.S.C. § 3601 *et seq.* ("FHAA"). Ms. Sorensen seeks injunctive relief, damages, costs, and attorney's fees pursuant to 42 U.S.C. § 3613(c).

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear and decide Plaintiff's FHAA claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a).

2. Venue for this action is proper in the United States District Court for the District of Utah, Central Division, pursuant to 28 U.S.C. §1391(b)(2) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

3. Plaintiff Austyn Sorensen is an individual residing in Utah County, Utah. Ms. Sorensen is a person with a disability as defined by 42 U.S.C. § 3602(h).[1] As a member of a protected class subjected to discrimination on such membership, Ms. Sorensen is an aggrieved person withstanding to bring the FHAA claims alleged herein.

4. Defendants David and Joan Hatt are individuals residing in Utah County, Utah. At all times relevant to this action, the Hatts were joint owners of the housing unit located at

---

[1] 42 U.S.C. 3602(h) uses the word "handicap," but this complaint will use the term "disability" in an effort to reflect modern nomenclature.

442 West 1430 South Unit 417 in Orem, Utah, 84058. Unit 417 is managed by Defendant B&G80 d/b/a Ventana Student Housing. The Hatts are subject to the requirements of the FHAA.

5. Defendant B&G80, LLC, d/b/a Ventana Student Housing ("Ventana") is a student housing provider and property management company with a principal address at 1386 South 400 West in Orem, Utah, 84058. As a housing provider, Ventana is subject to the requirements of the FHAA. Upon information and belief, Defendant Jill Savage is the property manager for Ventana and is also subject to the requirements of the FHAA.

## FACTUAL BACKGROUND

6. Ms. Sorensen was eighteen years old at the time she lived in Unit 417 at Ventana Student Housing.

7. Ms. Sorensen has been diagnosed with major depressive disorder and generalized anxiety disorder. Ms. Sorensen experiences suicidal ideation and other symptoms, which substantially limit one or more of her major life activities, including but not limited to maintaining relationships, learning, caring for herself, and motivating herself to leave her home.

8. Ms. Sorensen is an individual with a disability as defined by the FHAA.

9. Ms. Sorensen lost her mother to cancer when she was a child and does not maintain a relationship with any of her adult living relatives.

10. Ms. Sorensen began attending Utah Valley University in the fall of 2020.

11. Ms. Sorensen entered into a Lease Agreement with Ventana Student Housing and moved into Unit 417 on or around August 19, 2020.

12. Ms. Sorensen shared Unit 417 with three other roommates. Common areas were shared by all roommates, but each roommate had their own private bedroom.

13. Unit 417 at Ventana, and Ms. Sorensen's bedroom specifically, constitute a "dwelling" pursuant to 42 U.S.C. § 3602(b).

14. During Ms. Sorensen's tenancy, in the midst of the COVID-19 pandemic, it was necessary for Ms. Sorensen to self-quarantine in her private bedroom.

15. Around that same time, Ms. Sorensen experienced a mental health crisis, in part due to the isolation of her COVID-19 self-quarantine.

16. In early October 2020, Ms. Sorensen was experiencing suicidal ideations and began making plans to end her life. She wrote two letters expressing her thoughts of suicide, one for her boyfriend and one for her sister, and left them in her private bedroom.

17. On or about October 8, 2020, Ms. Sorensen left her apartment to visit a friend. Upon her return, she discovered that one roommate had entered her private bedroom and read the letters. Afterward, one of Ms. Sorensen's roommates contacted the local police about Ms. Sorensen.

18. On or about October 11, 2020, Ms. Sorensen's three roommates gathered together in an attempt to confront Ms. Sorensen about her mental health crisis. Ms. Sorensen declined to discuss the matter with her roommates.

19. Shortly after confronting Ms. Sorensen, Ms. Sorensen's roommates contacted Ventana regarding her mental health crisis.

20. On October 13, 2020, Ventana issued to Ms. Sorensen a written lease termination notice ("Notice") stating that she had violated a term of her lease. The Notice was signed by Jill Savage at Ventana Management. (<u>Exhibit A</u>.)

21. The Notice stated that Ms. Sorensen violated her lease when she "vocalized suicidal tendencies" which "caused undo [sic] stress and alarm to [her] roommates," in violation of her lease agreement.

22. The Notice further stated that Ms. Sorensen violated the lease by breaching the "quiet enjoyment of the premises."

23. The Notice also stated that Ms. Sorensen had violated the lease through the "recklessly [sic] endangerment of human life" and by making "threats of physical harm against other Tenants, the Owner or its agent."

24. The Notice provided Ms. Sorensen with six days to remove her belongings from Unit 417 and find alternative housing, and specified a vacate date of October 19, 2020, at 12:00 p.m.

25. Ventana made no effort to discuss with Ms. Sorensen its concerns regarding her tenancy either before or after issuing the Notice.

26. Ventana made no effort to discuss the lease termination with Ms. Sorensen in any way.

27. Ventana made no effort to discuss with Ms. Sorensen any alternatives that may have protected the stability of her housing in the midst of the COVID-19 pandemic, either before or after issuing the Notice.

28. A friend of Ms. Sorensen contacted one of Ms. Sorensen's roommates after Ms. Sorensen received the Notice. The roommate conveyed that it was not the roommates' idea to evict

Ms. Sorensen. Rather, she shared that Ventana's manager decided to evict Ms. Sorensen upon learning about Ms. Sorensen's mental health crisis.

29. Ms. Sorensen complied with the Notice and vacated Unit 417 on or before October 19, 2020, at 12:00 p.m.

30. Upon information and belief, Ventana did not issue a similar Notice to end the tenancy of any of Ms. Sorensen's roommates at this time.

31. After Ventana made housing unavailable to Ms. Sorensen on October 19, 2020, Ms. Sorensen located temporary alternative housing. However, because she does not have a relationship with any of her adult living family members, Ms. Sorensen was effectively rendered homeless with no familial resources to turn to.

32. Ms. Sorensen's current housing continues to be temporary until she can locate an affordable housing option.

33. The loss of Ms. Sorensen's housing made it more difficult for Ms. Sorensen to focus on caring for herself or pursuing her academic studies.

34. Ms. Sorensen has experienced significant emotional distress and other harm, including but not limited to loss of housing opportunity, from Defendants' actions.

## FIRST CLAIM FOR RELIEF

**(Making Discriminatory Statements Based on Disability in Violation of the FHAA)**

35. Ms. Sorensen repeats and realleges each allegation set forth in the paragraphs above and incorporates the same herein by reference, and further alleges as follows:

36. By the above conduct, the Defendants made statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination on the basis of Ms.

Sorensen's disability, or because Defendants regarded Ms. Sorensen as having a disability, in violation of 42 U.S.C. § 3604(c).

37. The Defendants' actions in doing so were willful, intentional, and taken in disregard of Ms. Sorensen's federally protected rights.

## SECOND CLAIM FOR RELIEF

### (Making Housing Unavailable Based on Disability in Violation of the FHAA)

38. Ms. Sorensen repeats and realleges each allegation set forth in the paragraphs above and incorporates the same herein by reference, and further alleges as follows:

39. By the above conduct, Defendants made housing unavailable to Ms. Sorensen on the basis of her disability, or because Defendants regarded Ms. Sorensen as having a disability, in violation of 42 U.S.C. § 3604(f)(1)(A).

40. The Defendants' actions in doing so were willful, intentional, and taken in disregard of Ms. Sorensen's federally protected rights.

## THIRD CLAIM FOR RELIEF

### (Discrimination in Terms and Conditions Based on Disability in Violation of the FHAA)

41. Ms. Sorensen repeats and realleges each allegation set forth in the paragraphs above and incorporates the same herein by reference, and further alleges as follows:

42. By the above conduct, Defendants subjected Ms. Sorensen to different terms and conditions on the basis of her disability, or because Defendants regarded Ms. Sorensen as having a disability, in violation of 42 U.S.C. § 3604(f)(2)(A).

43. The Defendants' actions in doing so were willful, intentional, and taken in disregard of Ms. Sorensen's federally protected rights.

## FOURTH CLAIM FOR RELIEF

### (Retaliation and Interference Based on Disability in Violation of the FHAA)

44. Ms. Sorensen repeats and realleges each allegation set forth in the paragraphs above and incorporates the same herein by reference, and further alleges as follows:

45. By the above conduct, Defendants retaliated against and interfered with Ms. Sorensen in the exercise or enjoyment of her rights, in violation of 42 U.S.C. § 3617.

46. The Defendants' actions in doing so were willful, intentional, and taken in disregard of Ms. Sorensen's federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an order:

A. Declaring that the discriminatory conduct of the Defendants as set forth above violated the Fair Housing Amendments Act, 42 U.S.C. §§ 3601, *et seq.*;

B. Permanently enjoining the Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them from:

   a. Discriminating in the sale or rental of, or otherwise making unavailable or denying, a dwelling to any person because of disability;

   b. Discriminating against any person in the terms, conditions, or privileges of a sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability;

   c. Retaliating against or coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any

        other person in the exercise or enjoyment of any right protected by the Fair Housing Act; and

    d. Making, printing, publishing, or causing to be made, printed, or published, any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on disability.

C. Requiring the Defendants to take such affirmative steps as may be necessary to restore, as nearly as practicable, Ms. Sorensen to the position she would have been in but for the discriminatory conduct;

D. Requiring Defendants to complete a fair housing training in order to prevent the reoccurrence of discriminatory housing practices in the future and to eliminate, to the extent practicable, the effects of their unlawful practices;

E. Awarding Ms. Sorensen compensatory and punitive damages pursuant to the Fair Housing Amendments Act, 42 U.S.C. § 3613(c)(1), including pre- and post-judgment interest;

F. Awarding Ms. Sorensen costs and fees from this action; and

G. Granting such other and further relief in favor of the Plaintiff as this Court deems just and proper.

## JURY DEMAND

Ms. Sorensen hereby demands a trial by jury in accordance with Rule 38 of the Federal Rules of Civil Procedure.

DATED THIS 29th DAY OF JUNE, 2021.

                                            DISABILITY LAW CENTER

Attorneys for Plaintiff

By */s/Katherine B. Bushman*
    NICHOLAS H.K. JACKSON
    KATHERINE B. BUSHMAN
    KATIE M. COX